IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALFONSO DIAZ CHAVEZ
    Plaintiff,

v.                                                                        CIVIL ACTION NO. 3:13cv145
                                                                                        (Judge Groh)
TFC, F.H. EDWARDS,
ANDREW S. ARNOLD, ESQ.,
GREGORY JONES, ESQ.,
DANIELLE D. HOFE, and
CHRISTOPHER C. WILKES,
        Defendants.

## Report and Recommendation

The plaintiff, a *pro se* inmate currently incarcerated at the Eastern Regional Jail in Martinsburg, West Virginia, initiated this case pursuant to a civil rights complaint filed on October 16, 2013. (Doc. No. 1). This case is now before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 2.

## I. The Complaint

In his complaint, Plaintiff seeks damages for various actions undertaken during the course of his arrest and conviction. First, Plaintiff alleges that the interviewing officer in his state criminal case denied him a lawyer and a translator. Second, Plaintiff alleges that his lawyer in his state criminal case forced him to sign documents that were later changed and he did not get copies. Third, Plaintiff alleges that the prosecuting attorney in the state case used the police interview as a basis for the plea agreement he offered. Fourth, Plaintiff alleges that the probation officer in the state case denied Plaintiff's request to prove the truth of the pre-sentence report in his state case. Lastly, Plaintiff alleges that the State Court Judge used the false information obtained by the Probation Officer and the interview with the Police Officer to sentence Plaintiff.

1

Plaintiff did not provide information regarding the injury or the relief sought.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are indisputably meritless, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III. Analysis

**A.** Gregory Jones

The claims against Gregory Jones should be dismissed because he is protected by prosecutorial immunity. Prosecuting attorneys are absolutely immune from individual liability when performing prosecutorial functions. Imbler v. Pachtman, 424 U.S. 409 (1976); Ostrzenski v. Seigel, 177 F.3d 245 (4th Cir. 1999). For instance, prosecuting attorneys are entitled to

2

immunity when deciding whether to prosecute, even if the decision to prosecute is malicious. Imbler, 424 U.S. at 427; See Also Wadkins v. Arnold, 214 F.3d 535 (4th Cir. 2000). There is an exception to the absolute prosecutorial immunity rule, however, if the prosecuting attorney acts in the role of administrator or investigative officer, rather than as a prosecutor. Imbler, 424 U.S. at 430. Thus, when a court determines whether a prosecuting attorney is entitled to absolute immunity, it must examine the type of activity performed, not the identity of the individual who performed it. Forrester v. White, 484 U.S. 219, 229 (1988).

In this case, Plaintiff contends that Mr. Jones used the police interview as grounds to base the plea agreement he offered him. This allegation clearly involves Mr. Jones acting in his role as a prosecutor. Gregory Jones is therefore entitled to prosecutorial immunity and is not a proper defendant in this action.

**B.** Christopher C. Wilkes

The claims against Christopher C. Wilkes should be dismissed because he is protected by judicial immunity. The Supreme Court has held that judges are absolutely immune from lawsuits related to the exercise of their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 554 (1967); Mireles v. Waco, 502 U.S. 9, 11 (1991). Magistrates also are entitled to absolute immunity for acts performed in their judicial capacity. King v. Myers, 973 F.2d 354 (4th Cir. 1992). However, a judge who acts without jurisdiction, or who has not performed a judicial act, has no absolute judicial immunity. Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349, 356 (1978). In determining whether an act is a judicial act, the court must consider "whether [the act] is [a] function normally performed by a judge" and "whether [the parties] dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. at 362.

In this case, Christopher C. Wilkes is a Judge of the Twenty-Third Judicial Circuit of West Virginia Circuit Court Judge. In addition, Plaintiff's complaint against Judge Wilkes only concerns actions that Judge Wilkes undertook in the process of presiding over Plaintiff's criminal case. Therefore, Judge Wilkes has judicial immunity and is not a proper defendant in this action.

**D.** Andrew S. Arnold, Esq., Danielle D. Hofe and TFC, F.H. Edwards

The only remaining defendants are Andrew S. Arnold, Esq., defense counsel; Danielle D. Hofe, Probation Officer; and TFC, F.H. Edwards, the police officer that interviewed the Plaintiff. The claims against these defendants should be dismissed as frivolous because Plaintiff has no chance of success. In Heck v. Humphrey, the Supreme Court of the United States held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . .

Heck v. Humphrey, 512 U.S. 477, 487 (1994) (footnote omitted). The Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Upon review of the complaint, it is clear that a decision favorable to Plaintiff with respect to his claims against these defendants would necessarily imply the invalidity of his conviction or sentence. Furthermore, Plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of

4

a writ of habeas corpus. Accordingly, the plaintiff has no chance of success, and his claims are therefore frivolous.

### Recommendation

In consideration of the foregoing, it is recommended that Plaintiff's claims against **TFC, F.H. EDWARDS; ANDREW S. ARNOLD, ESQ.; GREGORY JONES, ESQ.; DANIELLE D. HOFE; and CHRISTOPHER C. WILKES,** be **DISMISSED with prejudice** as frivolous.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 10-30-2013

.  /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE