IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALFONSO DIAZ CHAVEZ,**

    Plaintiff,

v.                                                           CIVIL ACTION NO. 3:13-CV-145
                                                                  (JUDGE GROH)

**TFC, F.H. EDWARDS,
ANDREW S. ARNOLD, ESQ.,
GREGORY JONES, ESQ.,
DANIELLE D. HOFE, and
CHRISTOPHER C. WILKES,**

    Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION

#### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Judge Seibert for submission of a proposed report and recommendation. Judge Seibert filed his report and recommendation [Doc.11] on October 30, 2013. In that filing, he recommended that this Court dismiss with prejudice Plaintiff's claims as frivolous.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's report and recommendation were due within fourteen (14) days after being served with a copy of the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Plaintiff timely filed his objections on November 7, 2013. Accordingly, this Court will undertake a *de novo* review of those portions of Judge Seibert's findings to which objection was made. This Court will review the remainder of the report and recommendation for clear error.

## II. Background

On October 16, 2013, Plaintiff Alfonso Diaz Chavez, an inmate at the Eastern Regional Jail, filed a complaint pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff seeks damages for various actions undertaken during the course of his arrest and conviction. First, Plaintiff alleges TFC, F.H. Edwards violated his constitutional rights by denying him a lawyer and a translator during his interview with police. Second, Plaintiff claims his court-appointed attorney, Andrew S. Arnold, violated his constitutional rights by "forcing [him] []to sign[] documents that were later changed, and fail[ing] to provide [him] with any copies of related court documents." Third, Plaintiff alleges the prosecuting attorney, Gregory K. Jones, violated his constitutional rights by using the police interview

as a basis for the offered plea agreement. Fourth, Plaintiff claims Probation Officer Danielle D. Hofe violated his constitutional rights when she failed to send him "true proof" of his pre-sentence investigation report. Fifth, Plaintiff states Judge Christopher C. Wilkes violated his constitutional rights when he used "the false information obtained by the Probation Officer and the interview with the Police Officer" in ordering Defendant's sentence.

### III.  Standard of Review

Pursuant to 28 U.S.C. § 1915A, the court must review "a complaint in a civil action in which a prisoner seeks redress from a government entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss any portions of the complaint that are "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief."

A complaint is frivolous if it is without arguable merit, either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because Plaintiff is proceeding *pro se*, the Court must read the allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. A complaint should only be dismissed as frivolous when the legal theories are indisputably meritless or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## IV.  Discussion

### A.    Dismissal of Claims Against Andrew S. Arnold, Esq., Danielle D. Hofe, and TFC, F.H. Edwards

Plaintiff objects to the recommendation that the claims against these individuals be dismissed on the basis that he relied on advice from Mr. Arnold that he had no grounds to file an appeal and that he was coerced by new counsel not to file a habeas corpus petition.  Therefore, his claims should not be dismissed pursuant to Heck v. Humphrey.

In this case, Plaintiff is challenging the validity of his conviction and subsequent sentence.  For relief, Plaintiff seeks to have his record expunged, to have his name and case cleared, and to be reunited with his wife and children.  However, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," including "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 486 (1994).  Therefore, a Plaintiff pursuing a claim under § 1983 to recover damages for an allegedly unconstitutional conviction or imprisonment must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  In this case, Plaintiff admits that he cannot prove any of the above.  As a result, Plaintiff does not have a cognizable claim under § 1983.

Additionally, Plaintiff's § 1983 claim seeks damages for *present* confinement.

4

See <u>Wilson v. Johnson</u>, 525 F.3d 262, 267-68 (4th Cir. 2008) (recognizing that a plaintiff's § 1983 claim seeking damages for past confinement was cognizable because plaintiff was not eligible for habeas relief and would be left without any access to federal court if his claim was barred).  Therefore, he may attack his criminal conviction through other means, such as habeas corpus relief.

### B. Dismissal of Claims Against Gregory Jones and the Honorable Christopher C. Wilkes

In Judge Seibert's report and recommendation, he recommends that the claims against Mr. Jones be dismissed on the basis of prosecutorial immunity and the claims alleged against Judge Wilkes be dismissed on the basis of judicial immunity.  Plaintiff failed to raise any objections to this finding.  In reviewing Judge Seibert's analysis, this Court does not find clear error.

### V. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  Further, the Plaintiff's Objections are **OVERRULED**. It is further ordered that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: December 2, 2013

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE